IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RUSASENE WATSON,<br><br>    Petitioner,<br><br>    v.<br><br>STATE OF MARYLAND,<br>GAIL WATTS,<br><br>    Respondents. | Civil Action No.:  JRR-22-1292 |

**MEMORANDUM OPINION**

On May 25, 2022, this Court received the above-entitled action along with a Motion to Proceed in Forma Pauperis. ECF No. 2. Because he appears indigent, the motion shall be granted. The pleading has been construed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 because Petitioner challenges the validity of his pre-trial detention. For the reasons stated herein, the Petition must be dismissed without prejudice.

Petitioner, who is incarcerated at the Baltimore County Detention Center, claims that his rights under the Sixth, Eighth, and Fourteenth Amendments are being violated because he has been held "beyond 180 day time limit provided by the Sixth Amendment." ECF No. 1 at 2. Petitioner states he was arrested on June 23, 2021 and was arraigned on September 21, 2021. *Id*. He was scheduled to go to trial on January 19, 2022, but the case was postponed "for no good cause shown." *Id*. The new trial date was set for July 5, 2022, which Petitioner states is four months beyond the "6th amendment right to speedy trial." *Id*.

Under Maryland law there is a requirement that the prosecution bring a defendant to trial within 180-days of the appointment of counsel or the appearance of counsel unless a postponement for good cause shown is granted by the trial court. *See* Md. Rule 4-271(a)(1), *see also Hicks v.*

*State*, 285 Md. 310, 403 A.2d 356 (1979).  The assertion that the Maryland's 180-day requirement has been violated does not necessarily implicate Petitioner's Sixth Amendment right to a speedy trial.  Assuming the violation of State law has occurred, it is not, without more, a cognizable claim for federal habeas corpus relief.  *See Estelle v. McGuire*, 502 U.S. 62, 67- 68 (1991) (holding that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")

      The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial."  Despite the breadth of the amendment's language, some delay of trial is constitutionally permissible. *See Doggett v. U.S.* 505 U.S. 647, 651 (1992).  In order to determine if Petitioner's Sixth Amendment right to a speedy trial was violated, four factors must be considered.  The four factors to be considered are the length of the delay, the reason for the delay, the timeliness of the assertion of the right, and the actual prejudice suffered as a result of the delay.  *Barker v. Wingo*, 407 U.S. 514, 532 (1972).  In *Barker*, the Court cautioned,

> We regard none of the four factors identified above (length of delay, reason for delay, defendant's assertion of his right, and prejudice to the defendant) as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process. But, because we are dealing with a fundamental right of the accused, this process must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution.

*Id*. at 533 (footnote omitted).

      Notwithstanding the problematic Sixth Amendment claim asserted, Petitioner has also failed to demonstrate that he is entitled to federal habeas relief.  Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and

special circumstances exist that justify intervention by the federal court. *Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See, e.g., Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). Petitioner's claim that he is improperly detained may be litigated in a state forum without harm to his constitutional rights. Accordingly, the habeas petition shall be dismissed without prejudice by separate Order which follows.

/S/

June 6, 2022

Julie R. Rubin
United States District Judge